EMBRY, Justice.
Stella M. Jones filed this action seeking reformation of a deed and specific performance of a contract to convey lands. The defendants are heirs of J. B. Bright. Bright, prior to his death, delivered a deed to five acres of his land to Jones and contracted with her to convey his lands lying south of the public road running through the NW Vi of NW Vi, Section 5, Township 6 North, Range 26 East, Dale County, Alabama, in consideration of Jones providing physical care of him during the remainder of his life.
The parties entered into a settlement which was dictated into the record. It provided for reformation of the deed and for an award to defendants of varying proportionate undivided interests in four acres of the land. Bright owned at his death lying south of the public road running through the NW Vi of NW xk, Section 5, Township 6 North, Range 26 East, Dale County, Alabama. The remainder of that property *741 south of the road was to be awarded to plaintiff. The settlement described the four acre parcel awarded defendants as:
[T]he four acre parcel of land commencing at the eastern most point of the J. B. Bright lands which intersects the road and then running a sufficient number of feet back west along the south boundary of the south right of way line of the road a sufficient number of feet that when you go in a perpendicular manner to the back property line that a four acre parcel is carved from the lands ....
On Jones’s motion for a register’s deed the trial court ordered that a register’s deed be executed and delivered to defendants conveying the following described land:
A parcel of land in Dale County, Alabama, and being more particularly described as follows: Beginning at the Northeast corner of the NW Vi of the NW Vi of Section 8, T6N, R26E, and thence Sl° 39'29"E along the east line of said forty, 722.70 feet; thence N41° 54'42"W, 641.46 feet to the southerly side of the Public Paved Road leading from Wesley Chapel to Brown’s Church (SACP 7202-A); thence N48° 05'18"E, along the southerly side of said road, 314.45 feet; thence N47° 54'35"E, along the southerly side of said road, 229.27 feet; thence Sl° 39'29"E, 149.7 feet to the Point of Beginning. Said parcel being in the NW Vi of the NW Vi of Section 8, T6N, R26E, and the SW Vi of the SW Vi of Section 5, T6N, R26E, and containing 4.0 acres, more or less.
Parcel 2 in the sketch in Appendix B shows the land in this description.
The trial court’s judgment provided that a register’s deed be executed and delivered to plaintiff conveying 22 acres of land: that owned by Bright south of the road exclusive of the four acres discussed previously. Parcel 1 in the sketch in Appendix B shows this land.
The issues raised by Jones’s appeal are: (1) Whether the trial court committed reversible error in construing the parties’ settlement stipulation and as a result ordered a different four acre tract deeded to defendants than that provided for by the stipulation; and (2) whether the trial court erred in not setting aside the judgment entered on the settlement agreement on account of fraud or mistake?
Jones contends the settlement agreement stated into the record provided for a long and narrow four acre tract running along the east side of the Bright lands as shown by parcel 2 in the sketch in Appendix A. This is based on Jones’s construction of the description of the boundary between the four acre tract and the 22 acre tract as it reads in the stipulation.
The effect of the agreement regarding the four acre parcel was to place a single division line or boundary line across the land owned by Bright at his death in order that a four acre parcel could be conveyed to Bright’s heirs. Jones argues that the settlement agreement provided for that line to form a perpendicular or 90 degree angle with the back property line and fall where it might along the road and thus divide a four acre parcel from the rest of the land (see Appendix A).
The trial court, by entering an order for the issuance of a register’s deed for the property to be deeded the heirs of J. B. Bright, interpreted that settlement agreement so that the dividing boundary line would run perpendicular to or at a 90 degree angle from the south side of the paved road (see Appendix B).
Unquestionably, the wording of the settlement agreement is ambiguous. Such a stipulated compromise is nonetheless a contract and its construction is governed by legal principles applicable to contracts generally. The primary object of judicial interpretation of such an agreement is to effectuate the intention of the parties in light of the language used and circumstances surrounding its making. 15A Am.Jur.2d Compromise and Settlement, § 23 (1976).
We find no error in the trial court’s construction of the contract in light of the surrounding circumstances. The trial court had the opportunity to hear evidence, ore tenus, of the surrounding circumstances in *742 order to construe the contract according to the intention of the parties as expressed in it. Its construction is a more practical construction than the construction advocated by Jones. Her construction would create a tract with severely impaired utility owing to its long and narrow configuration.
Furthermore, we find no reversible error in the trial court’s failure to grant a new trial or to set aside the judgment on the basis of fraud or mistake. Whether Jones entered into the settlement agreement because of a mistake as to its terms or because of a fraud perpetrated on the appellant are factual questions for resolution by the trial court. The granting or refusal of a motion for new trial rests within the sound discretion of the trial court. Its exercise of that discretion is presumed correct and will not be disturbed unless some legal right was abused and the record shows plain and palpable error by the trial court. Hill v. Cherry, 379 So.2d 590 (Ala.1980). This is not such a case; therefore the judgment below is affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and ADAMS, JJ., concur.
APPENDIX A

*743 APPENDIX B