This is an appeal from a partial summary judgment entered in favor of defendants Asphalt Hot Mix, Inc., Doris Mezick, and Charles Baggett, and against the plaintiff, George Allen Johnson, Jr., in a personal injury action.
Johnson was burned in an on-the-job accident while employed by Asphalt Hot Mix, Inc. ("Asphalt"). Some months after his injury, Johnson executed a "Release of All Claims," which stated in pertinent part: *Page 220 
 "KNOW ALL MEN BY THESE PRESENTS, That the undersigned, being of lawful age, for the sole consideration of Three Thousand and 00/100 Dollars ($3,000.00) to the undersigned in hand paid, receipt whereof is hereby acknowledged, does hereby and for his heirs, executors, administrators, successors and assigns release, acquit and forever discharge Asphalt Hot-Mix, Inc., the Estate of Mark Donnell, Jr., Doris Mezick, Charles J. Baggett, and any co-employees of George Allen Johnson, Jr. and their or its agents, servants, successors, heirs, executors and administrators of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the accident, casualty or event which occurred on his job with Asphalt Hot-Mix, Inc., wherein George Allen Johnson, Jr. was burned.
". . . .
 "This Release specifically does not apply to any claim for Workmen's Compensation."
Approximately one and one-half years after executing the release, Johnson filed an action against numerous defendants, alleging that he was entitled to recover damages under several theories.
Counts six and seven of Johnson's amended complaint contained allegations relating to Alabama's Workmen's Compensation Act ("Act"), Ala. Code 1975, § 25-5-1 et seq. Specifically, count six alleged that intentional acts of Mezick and Baggett, co-employees of Johnson, had caused his injury. A cause of action against a co-employee for his willful or intentional acts is authorized by § 25-5-11 of the Act. Count seven alleged that Asphalt had failed to pay benefits as required by the Act.
Asphalt, Mezick, and Baggett filed a motion for summary judgment, stating that the release executed by Johnson barred all of his claims. The trial court denied that motion except as to any cause of action brought pursuant to § 25-5-11. Summary judgment was entered on the claims allowed by that section. In his summary judgment, the trial judge held that the clause in the release preserving "any claim for Workmen's Compensation" did not preserve claims filed pursuant to § 25-5-11, but preserved only Johnson's right to file a claim for elective compensation under Article 3 of the Act. Johnson appeals the trial court's judgment, contending that summary judgment was improper because the release was (1) ambiguous; (2) not a part of a court-approved settlement; and (3) void as against public policy.
In the absence of fraud or ambiguity, a release supported by valuable consideration will be given effect according to the intention of the parties, which is to be judged by the court from what appears within the four corners of the instrument itself, and ordinarily parol evidence is not admissible to impeach or vary its terms. Trimble v. Todd, 510 So.2d 810 (Ala. 1987); Jehle-Slauson Constr. Co. v. Hood-Rich Architects Consulting Engineers, 435 So.2d 716 (Ala. 1983); Ala. Code 1975, § 12-21-109.
Johnson did not make any allegations of fraud but contended that the release is ambiguous because it purports to release Asphalt, Mezick, and Baggett "from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever," while attempting to preserve "any claim for Workmen's Compensation," and that, under that ambiguity, the claim filed pursuant to § 25-5-11 is arguably a "claim for Workmen's Compensation." We do not agree. The language in the release is clear and unambiguous. An action against third parties or co-employees as allowed by § 25-5-11 is not a claim for Workmen's Compensation, but is a tort action for damages that is removed from the exclusive remedy provisions of §§ 25-5-52 and -53 by virtue of the exceptions set forth in § 25-5-11. Section 25-5-11(a) begins, *Page 221 
"Where the injury or death for which compensation is payable under this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer" (emphasis added). Thus, under the very terms of § 25-5-11, an action allowed by that section is a legal action for damages, not a claim for compensation "payable under this chapter," i.e., it is not "a claim for Workmen's Compensation." See, also, § 25-5-1(1) for the definition of "compensation" and § 25-5-51, setting forth the right to such compensation.
Where no ambiguity exists, the court's only function is to interpret the lawful meaning and intentions of the parties as found within the agreement and to give effect to them.Johnston v. Bridges, 288 Ala. 156, 258 So.2d 866, cert. denied,409 U.S. 847, 93 S.Ct. 52, 34 L.Ed.2d 88 (1972). The trial court correctly held that the release barred all tort actions that § 25-5-11 would otherwise allow Johnson to bring against his co-employees, while preserving his claims for workmen's compensation. Mezick and Baggett are named in the release and are thus explicitly entitled to its benefit. See Pierce v. Orr,540 So.2d 1364 (Ala. 1989). As Johnson's employer, Asphalt was clearly due a summary judgment on the claim under § 25-5-11, because that section does not provide any action against an employer.
Johnson also argues that summary judgment was improper because the release was not part of a court-approved settlement. He argues that §§ 25-5-56 and -83 require that settlements for workmen's compensation claims, including claims brought pursuant to § 25-5-11, be approved by the circuit court. That argument is not correct. Section 25-5-56 requires court approval of a settlement between an employer and an injured employee for workmen's compensation benefits only if the settlement is not equal to the benefits due under the Act.King v. Travelers Ins. Co., 513 So.2d 1023 (Ala. 1987). Section25-5-83 requires court approval only where the employer wishes to commute the benefits payable to the employee to one or more lump sum payments. Jamestown Corp. v. Ward, 373 So.2d 1136
(Ala.Civ.App.), cert. denied, 373 So.2d 1142 (Ala. 1979). Neither of those statutes concerns actions brought pursuant to § 25-5-11. Such actions are not actions for workmen's compensation; rather, they are tort actions against co-employees or third parties that are permitted by § 25-5-11's exception to the Act's "exclusive remedy" provisions.
Finally, Johnson argues that the release violated public policy. However, unambiguous releases that are not tainted by fraud and are not overbroad in scope have been sanctioned by the legislature and do not contravene public policy. Ala. Code 1975, § 12-21-109.
For the reasons stated above, the partial summary judgment was correct and that judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.