This is a collateral attack on a workman's compensation claim that had been settled by the parties on December 21, 1989. The plaintiff, William Sanders, sued Southern Risk Services and Sherman Industries, Inc., contending that he was discharged from his employment because he filed a workman's compensation claim, that he was denied rehabilitation expenses, and that a fraud was committed on him with regard to the computation of his workman's compensation benefits. The trial court entered a judgment for the defendants. We affirm.
At the outset, we note that the following settlement order was entered on December 21, 1989, with regard to the workman's compensation claim filed by Sanders against Sherman Industries:
 "The undersigned being the only parties interested in the above entitled matter, hereby petition the Court for approval of the following agreement and settlement, and agree and represent to the Court as follows: *Page 995 
". . . .
 "Employee and employer disagree as to what, if any, disability resulted to said employee from the accident on September 14, 1988. Employee says that he had a back injury on that date. Employer, while not disputing that the employee may have had a back injury, specifically disputes that any disability resulted from that injury. (See attached medical [reports] from Dr. Daniel Michael, St. Vincent's Outpatient Rehabilitation Center, and Dr. Steven R. Nichols.) Employee insists he has a permanent partial disability. The parties do not disagree that the medical records show that the treating physicians have decided that the employee has reached maximum medical improvement.
 "At the time of injury, the said employee was receiving an average weekly wage of $150.00. The employee has received the sum of $7451.91 in temporary total disability benefits (representing 48 weeks and 4 days in these benefits, which ended on November 7, 1989) and in the interest of settlement, the employer agrees to pay and the employee agrees to accept the sum of $7500.00 in one lump sum in full settlement of any and all claims for compensation benefits due and rehabilitation or retraining benefits due under the Workmen's Compensation Act of the State of Alabama. The employer has paid all medical expenses incurred by the employee to date and shall be responsible for any medical or surgical expenses required by the Workmen's Compensation Act to be paid.
 "This settlement is substantially in accordance with Ala. Code §§ 25-5-56 and 25-5-57 (1975), as amended. When payment hereunder has been made the employer shall be, and hereby is released from all claims on account of said injury, under said Act or otherwise. This settlement contains the whole agreement between the parties hereto."
The settlement petition was signed by Sanders and approved by the judge. Sanders filed no Rule 60(b), A.R.Civ.P., motion for relief from the order, nor did he follow the guidelines set forth in § 25-5-56, Code of Alabama 1975, for setting aside the order because of fraud. Nevertheless, Sanders filed the present action almost a year later, contending that Sherman had fraudulently misrepresented to him that his average weekly pay was $150 instead of $300, which he now claims was the correct amount. Even if Sherman's present action were not barred by the doctrine of res judicata, as the appellees claim, we would be compelled to affirm the judgment of the trial court. There is simply nothing in the record supporting Sanders's claim that his average weekly pay was, in fact, $300 and/or that Sherman fraudulently withheld that fact from him.[1]
In addition, we note that Sanders's claim for rehabilitation expenses was addressed in the petition for settlement. In fact, the signed order leaves no doubt that the settlement amount received by Sanders was compensation for future rehabilitation expenses and that Sanders would not be entitled to further expenses in that regard.
Finally, Sanders contends that the summary judgment should not have been entered on his claim that his discharge from Sherman was retaliatory for his having filed a workman's compensation claim against Sherman. Unless there is evidence of fraud, a settlement of an employee's claims under the Workmen's Compensation Act is conclusive of any other claims the worker may have. There was no credible evidence of fraud presented in this case. Nevertheless, Sherman offered the medical reports of Dr. Daniel Michael, which indicated:
"9-6-89
 "This gentleman apparently has not returned to work despite a couple of attempts at physical therapy. . . . I think *Page 996 
this gentleman needs to be pushed in a work hardening program and giving him the benefit of the doubt if he does not participate in this or continues to complain subjectively of problems, I don't think there is any physical reason to explain why he cannot be returned to previous level of employment. . . ."
"10-11-89
 "Patient has had a normal bone scan so I think from the standpoint if he ever did have a compression fracture, which I am not absolutely sure of, he is at least healed up at this point. . . . [W]e are going to have to push on Mr. Sanders and possibly confront him with the possibility of malingering. . . ."
"11-1-89
 "This gentleman now has reached maximum medical recovery as of the week of November 8th. . . ."
Sanders contends that he telephoned Sherman following the report of November 1, 1989, and inquired as to his employment status. He says he was told to contact Southern Risk. He argues that Southern Risk instructed him to contact his attorney. Sherman, on the other hand, contends that it should not be obligated to keep a position open for an employee indefinitely, and Sherman offered the doctor's report to show that Sanders's claim of disability was questionable. In light of the settlement agreement signed by all parties, which on its face releases Sherman of all other obligations to Sanders, except future medical expenses, and considering the doctor's reports, which tend to show that Sanders was suspected of "dragging his feet" with regard to returning to work, we conclude that the summary judgment was proper. At the very least, Sherman offered a legitimate reason for discharging Sanders, and Sanders offered nothing in opposition thereto.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.
[1] We also note that Sanders's claim of fraud falls far short of the "stronger showing than that required by the 'substantial evidence rule' " that is required for such a claim. Lowman v.Piedmont Exec. Shirt Mfg. Co., 547 So.2d 90, 95 (Ala. 1989).
 "[T]he plaintiff must present evidence that, if accepted and believed by the jury, would qualify as clear and convincing proof of fraud."
Id.