Pursuant to Rule 5, Ala.R.App.P., the defendant, Gates Rubber Company ("Gates"), appeals from an interlocutory order denying its motion to dismiss the plaintiff Phillip Cantrell's retaliatory discharge claim. The issue is whether, as a matter of law, Cantrell's claim is precluded by the language of a prior settlement agreement between the parties.
On August 19, 1990, Cantrell received an on-the-job injury while employed by Gates. Based on this injury, Cantrell made a worker's compensation claim. On June 24, 1994, Cantrell and Gates entered into a written settlement of that claim. The settlement agreement provided:
 "[The] defendant agrees to pay and [the] plaintiff agrees to accept the lump sum of [t]wenty-[f]ive thousand and [n]o/100 ($25,000.00) [d]ollars in full satisfaction of any and all claims by the plaintiff for compensation and vocational rehabilitation benefits under the workmen's compensation laws of the State of Alabama for [the plaintiff's work-related] accidental injury of August 19, 1990. . . . Upon payment of said sum by the defendant to the plaintiff, the plaintiff agrees to and does hereby release the defendant and its workmen's compensation insurance carrier from any and all liability now accrued or hereafter to accrue for compensation and vocational rehabilitation benefits under the workmen's compensation laws of the State of Alabama, or otherwise, due or arising out of [the plaintiff's work-related] injury of August *Page 755 
19, 1990, or any other accidental injury sustained by the plaintiff while employed by the defendant. . . ."
(Emphasis added.)
On the same day the agreement was executed by the parties, June 24, 1994, the trial court entered an order approving the settlement. Nine months later, on March 24, 1995, Cantrell filed this action against Gates, seeking damages for an alleged violation of the "retaliatory discharge" provision at Ala. Code 1975, § 25-5-11.1, a part of the Workers' Compensation Act.[1]
Gates moved for a dismissal of this claim, pursuant to Rule 12(b)(6), Ala.R.Civ.P., for "failure to state a claim upon which relief can be granted." Gates argued specifically that the claim was barred by the earlier settlement agreement.
In support of its motion to dismiss, Gates submitted a copy of the settlement agreement, which the trial court considered in ruling on the motion to dismiss. Because the settlement agreement was a matter outside the pleadings, we understand the trial court to have treated Gates's Rule 12(b)(6) motion as a Rule 56 motion for a summary judgment. See Graveman v. WindDrift Owners' Ass'n, Inc., 607 So.2d 199 (Ala. 1992) (discussing the situation where a Rule 12(b)(6) motion is converted to a Rule 56 motion for a summary judgment).
In most cases, perhaps, the critical issue in determining whether a summary judgment motion was properly granted or properly denied relates to whether there is a genuine issue of material fact. See Bussey v. John Deere Co., 531 So.2d 860, 862
(Ala. 1988) (discussing the Rule 56 principle that a summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law). Here, however, the material facts are not in dispute. The issue here is simply whether the language of the settlement agreement entitles Gates to a judgment as a matter of law.
In denying Gates's motion, the trial court held simply that "the plaintiff's claim for retaliatory discharge is not barred by his Worker's Compensation settlement agreement." Cantrell argues that the trial court was correct in so holding, because, he says, the agreement only released Gates from paying "vocational rehabilitation benefits" and "compensation" benefits, "compensation" having a meaning, he says, consistent with the definition found at § 25-5-1(1).
Section 25-5-1(1) contains one of many definitions found at the beginning of the Workers' Compensation Act. In pertinent part, it defines "compensation," as that word is used withinthe provisions of the Act, see § 25-5-1, as "[t]he money benefits to be paid on account of [work-related] injury or death." The plaintiff says that he was releasing Gates from liability only for this type of benefits when he released Gates from liability for "compensation." Damages payable on a retaliatory discharge claim, says the plaintiff, would not fit within this definition of "compensation," and thus, he says, that claim was not within the matters settled by the agreement.
The language of the settlement agreement, settling claims as to "any and all liability now accrued or hereafter to accrue for compensation and vocational rehabilitation benefits," is not substantially different from the language this Court examined in Sanders v. Southern Risk Services, 603 So.2d 994
(Ala. 1992). In Sanders, this Court examined a settlement petition, which stated the terms agreed to by the parties in settlement of a workers' compensation claim. Among those terms was a provision for a "lump sum [payment] in full settlement ofany and all claims for compensation benefits due andrehabilitation or retraining benefits due under the Workmen's Compensation Act of the State of Alabama." The agreement provided that upon payment of that sum "the employer shall be, and hereby is released from any and all claims." (Emphasis added.) The plaintiff later sued for damages based on a retaliatory discharge, pursuant to § 25-5-11.1. Id. at 995. As to this claim, the Court stated: "Unless there is evidence of fraud, a *Page 756 
settlement of an employee's claims under the Workmen's Compensation Act is conclusive of any other claims the worker may have." Id. In that case, the Court noted the absence of "credible evidence of fraud," id., and indicated that "the settlement agreement signed by all the parties . . . on its face releases [the employer]" from any obligation for retaliatory discharge damages.[2] Sanders, 603 So.2d at 996.
As it would relate to this case, Sanders indicates that a "settlement of any and all claims for compensation benefits due and rehabilitation or retraining benefits due" is "conclusive of any other claims," unless there is evidence of fraud, 603 So.2d at 995, or the claim in issue is expressly excepted from the settlement agreement. 603 So.2d at 996.
The plaintiff does not distinguish the situation in his case from the situation dealt with in Sanders. This case contains no suggestion of fraud, and, as in Sanders, there was no express reservation of the retaliatory discharge claim. See also, Exparte Aratex Services, Inc., 622 So.2d 367, 369 (Ala. 1993) (discussing Sanders and the lack of such a reservation inSanders and in Aratex).
We conclude that the trial court erred in denying Gates's motion. We therefore reverse the order of the circuit court and render a judgment for the defendant, Gates.
REVERSED AND JUDGMENT RENDERED.
HOOPER, C.J., and MADDOX, SHORES, KENNEDY, and COOK, JJ., concur.
[1] Although § 25-5-11.1 does not expressly provide for damages as a remedy for a violation of its provisions, "damages [for such a violation] can be awarded in accordance the general law of torts." Caraway v. Franklin Ferguson Mfg. Co., 507 So.2d 925,926 (Ala. 1987).
[2] The settlement in Sanders expressly excepted claims for "future medical expenses." The Court held that the release disposed of "all other obligations" of the employer to the plaintiff.