Margaret Webster (the "worker") was employed by Dow-United Technologies Composite Products, Inc. (the "company"). The worker was injured in 1992; in 1993, during her recovery from this injury, she was fired from her position. In April 1994, the worker sued for workmen's compensation benefits. In September 1994, she and the company reached a settlement of this claim. Their settlement agreement was approved by the trial court on September 28, 1994. The worker agreed to release any and all claims in exchange for $15,000.
In January 1995, the worker filed a motion to amend the settlement or, in the alternative, for relief from judgment pursuant to Rule 60, Ala.R.Civ.P. As grounds for her motion, the worker alleged that she had not been informed that the settlement released claims against the company besides those relating directly to workmen's compensation. She alleged that she had not known that she would be giving up her right to pursue a retaliatory discharge claim against the company. In fact, she alleged that her former attorney had represented that she was not releasing that claim by executing the settlement. Therefore, she argued, the settlement should be set aside on the basis of either a clerical error under Rule 60(a); mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1); or fraud under Rule 60(b)(3).
The trial court set aside the settlement on March 29, 1995. As grounds for its decision, the trial court found that the worker, when she entered the settlement agreement, "was not informed or aware that she would be releasing any claim of retaliatory discharge" and "was mistaken as to the facts or circumstances underlying the agreement and waiver of any retaliatory discharge claim and . . . did not fully understand her rights under [the workmen's] compensation laws." The company filed three petitions for a writ of mandamus, seeking to set aside the order granting the worker's motion (two in the Alabama Supreme Court, one in this court); all three petitions were denied.[1]
In addition, the company moved to alter the order, requesting that the trial court clarify the order by reaffirming the settlement for workmen's compensation benefits with an express provision allowing the worker to proceed with her retaliatory discharge action. This motion was denied. The company then filed a counterclaim in the workmen's compensation action, requesting that the worker be required to return the $15,000 settlement, or at least that portion of it that exceeded any judgment the trial court might enter in the worker's favor.
The trial court ultimately awarded the worker $5,979.98 in underpaid temporary total disability benefits, penalties, past-due and accrued partial disability benefits, and future partial disability benefits. The trial court also ruled in favor of the company on its counterclaim and ordered the worker to return to the company $9,020.02 of the settlement proceeds. The company appeals, asking this court to reverse the trial court's order granting the worker's Rule 60(b) motion and to reinstate the original settlement.
The worker argues that the orders denying the company's mandamus petitions are res judicata and prevent us from considering the merits of the company's claim on appeal. We disagree. "[The] denial [of a petition for a writ of mandamus] cannot have res judicata effect on subsequent proceedings in light of the extraordinary nature of the writ of mandamus. In short, the denial does not operate as a binding decision on the merits." R.E. Grills, Inc. v. Davison, 641 So.2d 225, 229
(Ala. 1994). Therefore, we are not precluded from considering whether the trial court's grant of the worker's Rule 60(b) motion was improper. *Page 24 
The company begins its argument by pointing out that the settlement agreement between the parties based upon the worker's claim for workmen's compensation benefits in 1995 contained general release language. The settlement agreement discharges the company from
 "any and all claims, demands, actions causes of action, or suits at law or in equity, of whatever kind or nature, for or because of any matter or thing done, or suffered to be done by anyone prior to and including the day hereof on account of all injuries to the person resulting, or to result, from [the worker's] alleged . . . accident."
In addition, the settlement agreement contains the following language:
 "This settlement Agreement is substantially in accordance with the Workmen's Compensation Laws of the State of Alabama, as amended, and when the payment provided for above has been made, [the company], and its workmen's compensation carrier . . . shall be and hereby are released from all claims for compensation benefits and future vocational rehabilitation rights on account of said injuries under said Workmen's Compensation Act or otherwise."
The Alabama Supreme Court recently reiterated the rule relating to the scope of releases in workmen's compensation settlements. Gates Rubber Co. v. Cantrell, 678 So.2d 754
(Ala. 1996). In Cantrell, the company appealed from the trial court's denial of its motion for summary judgment in a retaliatory discharge action.[2] Cantrell, 678 So.2d at 754-55. The company's motion was based upon an agreement executed by the worker in settlement of his workmen's compensation claims.Id. According to the court, " 'a settlement of any and all claims for compensation benefits due and rehabilitation or retraining benefits due' is 'conclusive of any other claims' unless there is evidence of fraud or the claim in issue is expressly excepted from the settlement agreement." Id. at 756 (quoting Sanders v. Southern Risk Services, 603 So.2d 994,995-96 (Ala. 1992)); see also Ex parte Aratex Services, Inc.,622 So.2d 367, 369 (Ala. 1993). As in both Cantrell andSanders, the language of the settlement in this case indicates that the worker released the company from all claims for compensation and rehabilitation benefits. Accordingly, the release in this case does release the company from all claims, including claims of retaliatory discharge.
However, the worker argued successfully in the trial court that her mistake concerning the effect of the settlement agreement on her claim of retaliatory discharge and her lack of awareness concerning the laws applicable to workmen's compensation settlements entitled her to relief from the judgment on the settlement agreement under Rule 60(b)(1). We disagree; the worker was not entitled to relief under Rule 60(b)(1) because, as the company correctly argues, her mistake was a mistake of law. "It is well established under our law . . . that a mistake of law is not a ground for relief under Rule 60(b)(1)." Ex parte Alfa Mutual General Insurance Co.,681 So.2d 1047, 1050 (Ala. 1996); see also Higgins v. Douglas,572 So.2d 1259 (Ala. 1990). The worker's mistake concerning the effect of the settlement on her future claim of retaliatory discharge is a mistake of law. Although the worker's brief cites authorities upholding orders setting aside workmen's compensation settlements under Rule 60(b), we have considered all the authorities cited and find them inapposite. In each of the cases cited by the worker, the mistake was a mutual mistake of fact. See, e.g., Fabarc Steel Supply, Inc. v. Davis,422 So.2d 797 (Ala.Civ.App. 1982); Sager v. Royce Kershaw Co.,359 So.2d 398 (Ala.Civ.App. 1978); Louisville Nashville R.R. Co.v. Solchenberger, 270 Ala. 536, 120 So.2d 704 (1960). *Page 25 
Although "[t]he trial court has wide discretion in its determination of whether to grant relief pursuant to Rule 60(b)," its determination can be reversed if it abuses that discretion. Fabarc, 422 So.2d at 799. Because the trial court granted the worker's motion despite the fact that her mistake was a mistake of law and therefore was not an appropriate basis for relief under Rule 60(b)(1), it abused its discretion. The order granting the worker's Rule 60(b)(1) motion and setting aside the settlement agreement is reversed. On remand, the trial court is instructed to reinstate the settlement agreement and to vacate any other orders entered after the order setting aside the settlement agreement. In addition, the trial court is instructed to dismiss the worker's retaliatory discharge case, styled Margaret Webster v. Dow-United Technologies CompositeProducts, Inc., CV-94-2597, now pending in the Montgomery Circuit Court, because it is barred by the reinstated settlement agreement. See Gates Rubber Co. v. Cantrell,678 So.2d 754 (Ala. 1996).
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and MONROE, J., dissent.
[1] The company's mandamus petitions were proper. An appeal did not lie from the trial court's action because other proceedings were contemplated in the trial court. See R.E. Grills, Inc. v.Davison, 641 So.2d 225, 227-28 (Ala. 1994), for a discussion concerning the appropriate avenues for review of an order granting a Rule 60(b) motion.
[2] Although one usually cannot appeal an order denying a motion for summary judgment, the company was granted permission to appeal pursuant to Rule 5, A.R.App.P. Cantrell, 678 So.2d at 754. The company actually had filed a motion to dismiss; however, the settlement agreement was attached to the motion, and, therefore, because the trial court considered evidence outside the pleadings, the motion to dismiss was converted into a Rule 56 motion for summary judgment. Id. at 755.