CRAWLEY, Judge,
concurring in the result.
I concur in the result of the majority’s decision to affirm the grant of the Rule 60(b) motion because I think the trial court could have concluded that the particular facts of this ease presented a reason justifying relief from the consent judgment.
I believe the “justification for relief’ is found in the trial court’s statement that, had it known Hines was represented by counsel in the pending retaliatory discharge action, it “would not have approved the settlement, without at least conferring with the attorney.” I do not believe there is any justification for relief from the fact, noted by the majority, that
“Hines clearly did not intend the settlement of his workers’ compensation claim to be a settlement of his retaliatory discharge claim.”
Hines’s intent, like Webster’s intent in Dow-United Technologies Composite Products, Inc. v. Webster, 701 So.2d 22 (Ala.Civ.App.1997), is immaterial, because, as the dissent correctly points out, an employee’s mistake of law as to the legal effect of a release is not grounds for granting him relief under Rule 60(b).
This case is different from Webster because here the employee had two actions pending: a retaliatory discharge claim and a workers’ compensation claim. The worker was represented by counsel in the former, but not the latter, action. The trial judge who approved the workers’ compensation settlement was not aware, either that there was any other lawsuit pending, or that the work *279 er was represented by an attorney in the other lawsuit. The trial judge testified that, had he known of those facts, he would not have entered the judgment he did. The crucial distinction from Webster is that, if the trial judge had known, at the time of the settlement, of the facts that later came to light, his actions would have been different.