CRAWLEY, Judge,
dissenting.
I conclude that the Baldwin Circuit Court did not have subject matter jurisdiction to hear the case. Rule 28, Ala.R.Juv.P., states:

“(A) Direct Appeal to Appellate Courts.

“(1) Appeals from final orders, judgments or decrees of the juvenile eourt shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, if:
“(a) A record certified as adequate by the juvenile eourt judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto....”
The record before this court contains a transcript of the hearing before the juvenile eourt. On appeal to the circuit court, the parties stipulated that the transcript was accurate, and the eourt clerk certified the record. As the majority opinion states, this court did deny M.D. and J.D.’s petition for a writ of mandamus directing the circuit eourt to dismiss the appeal; however, a denial of a writ of mandamus does not have res judicata effect. R.E. Grills, Inc. v. Davison, 641 So.2d 225 (Ala.1994); Dow-United Technologies Composite Products, Inc. v. Webster, 701 So.2d 22 (Ala.Civ.App.1997). I conclude that this court, not the circuit court, has subject matter jurisdiction of the appeal.
I would order the circuit court to transfer the appeal to this court.