770 So.2d 1082 (2000)
William DUDLEY
v.
MESA INDUSTRIES and Fluke Corporation.
1981384.
Supreme Court of Alabama.
April 14, 2000.
Michael Clay Fellows and Ben C. Hand, Jr., of Hand & Associates, Opelika; and Donald R. Harrison of Harrison & Edmonson, Dadeville, for appellant.
W.F. Horsley of Samford, Denson, Horsley, Pettey & Bridges, Opelika, for appellee Fluke Corporation.
*1083 Charles A. Stewart III and Brian P. Strength of Sirote & Permutt, P.C., Montgomery, for appellee Mesa Industries.
MADDOX, Justice.
The issue presented in this case is whether an order approving a workers' compensation settlement and releasing the employer from "any and all claims for compensation and vocational rehabilitation benefits due or which may become due to the employee under the Workmen's Compensation Act of Alabama" is to be understood as adjudicating in the employer's favor a pending claim by the employee that is based on § 25-5-11, Ala.Code 1975. We hold that it is not to be so understood.
On June 27, 1996, William Dudley was injured in an accident that occurred during the course of his employment at Mesa Industries ("Mesa"). On May 6, 1997, Dudley sued Mesa for benefits under the Workers' Compensation Act. On October 30, 1997, Dudley amended his complaint to add a claim, pursuant to § 25-5-11, Ala. Code 1975, for damages based on an allegation that Mesa had failed to maintain a safety device and that that failure had caused Dudley's accident.
On March 13, 1998, the trial court conducted a hearing regarding a workers' compensation settlement agreement Dudley and Mesa had reached. The court approved the settlement agreement and ordered that "the employer be released and forever discharged from any and all claims for compensation and vocational rehabilitation benefits due or which may become due to the employee under the Workmen's Compensation Act of Alabama." Nevertheless, the trial court simultaneously purported to grant Dudley's motion requesting leave to amend his complaint so as to add additional claims and additional defendants as to these claims.
On June 15, 1998, Dudley amended his complaint to state a claim against Fluke Corporation ("Fluke"). Dudley also by that amendment stated new claims against Mesa, alleging fraud and the tort of outrage in connection with Mesa's handling of his workers' compensation claim. Fluke and Mesa filed motions to dismiss, arguing that the trial court was without subjectmatter jurisdiction by virtue of its March 13, 1998, order as to Mesa, which, they argue, terminated the case. The trial court dismissed the claims against Fluke on February 20, 1999, and dismissed the claims against Mesa on March 15, 1999, holding that its order of March 13, 1998, had been a final adjudication of the entire action and that the subsequent amendment to the original pleadings was, therefore, ineffective. In other words, the circuit court held it had no jurisdiction to consider the amended complaint filed after March 13, 1998. Thus, it is apparent that the trial judge thought his order releasing Mesa from the workers' compensation and vocational-rehabilitation claims also released Mesa from the claim made pursuant to § 25-5-11.
The ultimate issue in this case is illustrated by the parties' arguments. As of March 13, 1998, Dudley had only two claims against one defendant (Mesa): (1) a claim for workers' compensation and vocational-rehabilitation benefits and (2) a tort claim alleging that Mesa had failed to properly maintain a safety device. Mesa and Fluke argue that the trial court's March 13, 1998, order dealing with Dudley's claims for "compensation and vocational benefits" arising under the Workers' Compensation Act, was, by its terms, a final order and that it adjudicated Dudley's claim based on § 25-5-11. Dudley, on the other hand, argues that on March 13, 1997, the trial court adjudicated only that portion of his complaint that sought workers' compensation and vocational-rehabilitation benefits.
Our determination of the issue regarding the trial court's subject-matter jurisdiction as to the amendment filed after March 13, 1998, depends on which side's argument we accept.
*1084 The trial court, by granting the defendants' motions to dismiss, necessarily held that its order entered on March 13, 1998, was a final judgment that ended Dudley's lawsuit, although the record shows that the court on that same date granted Dudley permission to amend his complaint.[1]
We must decide whether the trial court, by entering the March 13, 1998, order, disposed of all of Dudley's claims. The trial court's subsequent dismissals of the claims against Mesa and Fluke suggest that the answer to this question is "yes," but the problem is complicated by the fact that when the trial court entered its March 13, 1998, order, it simultaneously granted Dudley permission to amend his complaint. We recognize that the trial court may be in a better position than we are to determine whether it intended to adjudicate all of the claims by its March 13, 1998, order, but we cannot ignore the language of the order itself or the trial court's conduct after it entered that order. The wording of the March 13, 1998, order and the trial court's allowing Dudley to amend his complaint strongly suggest that the trial court intended for a portion of the lawsuit to continue.
This Court has specifically held that a claim based on the provisions of § 25-5-11 is a tort claim for damages, and is not a claim for workers' compensation benefits. In Hubbard v. Liberty Mutual Insurance Co., 599 So.2d 20 (Ala.1992), we stated:
"This Court has held that a claim filed pursuant to § 25-5-11 ... is a tort action for [damages], and is not a claim for workman's compensation benefits. In Johnson v. Asphalt Hot Mix, 565 So.2d 219 (Ala.1990), this Court specifically held as follows:
"`An action against third parties or co-employees as allowed by § 25-5-11 is not a claim for Workmen's Compensation, but is a tort action for damages that is removed from the exclusive remedy provisions of §§ 25-5-52 and 25-5-53 by virtue of the exceptions set forth in § 25-5-11. Section 25-5-11(a) begins, "Where the injury or death for which compensation is payable under this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer" (emphasis added [in Johnson]). Thus, under the very terms of § 25-5-11, an action allowed by that section is a legal action for damages, not a claim for compensation "payable under this chapter," i.e., it is not "a claim for Workmen's Compensation." See, also, § 25-5-1(1) for the definition of "compensation" and § 25-5-51, setting forth the right to such compensation.'
"Johnson, 565 So.2d at 220-21.
"We believe that the Legislature intended to uphold the distinction between third-party tort actions (§ 25-5-11) and worker's compensation claims (§ 25-5-117)."
599 So.2d at 22.
Based on the foregoing, we conclude that the language used by the trial court in its March 13, 1998, order releasing Mesa from all claims for "compensation and vocational rehabilitation benefits" arising under the Workers' Compensation Act applied only to Dudley's claim for workers' compensation and vocational benefits. Therefore, Dudley's claim, which was pleaded based on § 25-5-11, survived. Consequently, based on this record, we conclude that the trial court's order that "[Mesa] be released and forever discharged from any and all claims for compensation and vocational rehabilitation benefits due or which may become due to the employee under the Workmen's Compensation *1085 Act of Alabama" did not adjudicate all the claims in Dudley's lawsuit.[2]
We conclude that the trial court erred in determining that it lacked jurisdiction over Dudley's claims added by an amendment filed after March 13, 1998. The orders dismissing the claims against Mesa and Fluke that were filed subsequent to that order are reversed. The case is remanded for further proceedings consistent with this opinion.
Our decision today should not be construed as an evaluation of the merits of Dudley's § 25-5-11 claim against Mesa.
REVERSED AND REMANDED.
HOUSTON, COOK, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
HOOPER, C.J., and SEE, J., concur in part and dissent in part.
HOOPER, Chief Justice (concurring in part and dissenting in part).
I concur in the holding reversing the dismissal as to the defendant Fluke Corporation. I dissent from the holding reversing the dismissal as to the defendant Mesa Industries regarding the claim under § 25-5-11, Ala.Code 1975.
The majority holds that the language of the March 13, 1998, order, which encompassed claims for "compensation and rehabilitation benefits" did not also encompass Dudley's claim seeking damages for an alleged failure to maintain a safety device, a claim recognized by § 25-5-11. As the majority states, this Court has previously held that a claim based on § 25-5-11 is a tort claim for damages and is not a claim for workers' compensation. As an initial matter, I note that the language in § 25-5-11 appears to provide for claims against third parties only; therefore, a claim against Mesa under that statute may be improper. However, Mesa did not raise that issue in its brief to this Court.
Even if Dudley could pursue a claim against Mesa pursuant to § 25-5-11, his claim would be barred by the order approving the settlement and releasing Mesa. In Gates Rubber Co. v. Cantrell, 678 So.2d 754 (Ala.1996), this Court held that a release pursuant to a settlement, which used language almost identical to that of the March 13, 1998, order in this case, also released the employer from a claim alleging retaliatory discharge (a claim based on § 25-5-11.1). The Court stated, in note 1, that damages for retaliatory discharge "`can be awarded in accordance [with] the general law of torts.'" 678 So.2d at 755. (Quoting Caraway v. Franklin Ferguson Mfg. Co., 507 So.2d 925, 926 (Ala.1987)). The Court went on to state that "a `settlement of any and all claims for compensation benefits due and rehabilitation or retraining benefits due' is `conclusive of any other claims,' unless there is evidence of fraud or the claim in issue is expressly excepted from the settlement agreement." 678 So.2d at 756 (quoting Sanders v. Southern Risk Servs., 603 So.2d 994, 995-96 (Ala.1992)). The Sanders case was similar to Cantrell in that in each the plaintiff was attempting to assert a retaliatory-discharge claim after releasing the employer from claims for benefits under the Workers' Compensation Act. The specific language in Cantrell released the employer from claims for "compensation and vocational rehabilitation benefits." 678 So.2d at 754. The language in the Sanders settlement released the employer from claims for "compensation benefits due and rehabilitation or retraining benefits due." 603 So.2d at 995. The order approving the settlement in the present case released Mesa from "all claims for compensation and vocational rehabilitation benefits."
Dudley amended his complaint to assert claims of fraud and outrage against Mesa *1086 in connection with its handling of his workers' compensation claim. Based on the language in Cantrell, it appears that these claims would not be barred by the order releasing Mesa. However, because this Court has held that retaliatory-discharge claims are tort claims and that claims under § 25-5-11 are also tort claims, I disagree with the holding of the majority opinion. I do not see how the present case is distinguishable from Cantrell and Sanders. The majority reasons that because Dudley's claim under § 25-5-11 is a tort claim rather than a claim for workers' compensation, the claim is not encompassed in the order releasing Mesa. However, that was the exact issue in Cantrell and Sanders, wherein the Court held that a claim alleging retaliatory discharge, which is a tort claim, was encompassed by the release.
Following the rationale of Cantrell and Sanders, I conclude that the release contained in the March 13, 1998, order in the present case also released Mesa from any § 25-5-11 claim Dudley had against Mesa based on a failure to maintain a safety device. However, the terms of the March 13, 1998, order releasing Mesa did not also cover Fluke, the third party joined as a defendant, and the claim against Fluke, therefore, was not subject to dismissal. Therefore, I concur in the reversal of the dismissal as to Fluke. I dissent from the reversal of the dismissal of the § 25-5-11 claim against Mesa. I concur as to the fraud and outrage claims against Mesa.
SEE, J., concurs.
NOTES
[1] See Rule 54(b), Ala. R. Civ. P. ("[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties....").
[2] Furthermore, there are no indications that the trial court, at that time, intended a full adjudication, because of the fact that when it entered its order it simultaneously granted Dudley's motion for leave to amend his complaint.