I concur in the holding reversing the dismissal as to the defendant Fluke Corporation. I dissent from the holding reversing the dismissal as to the defendant Mesa Industries regarding the claim under § 25-5-11, Ala. Code 1975.
The majority holds that the language of the March 13, 1998, order, which encompassed claims for "compensation and rehabilitation benefits" did not also encompass Dudley's claim seeking damages for an alleged failure to maintain a safety device, a claim recognized by § 25-5-11. As the majority states, this Court has previously held that a claim based on § 25-5-11 is a tort claim for damages and is not a claim for workers' compensation. As an initial matter, I note that the language in § 25-5-11 appears to provide for claims against third parties only; therefore, a claim against Mesa under that statute may be improper. However, Mesa did not raise that issue in its brief to this Court.
Even if Dudley could pursue a claim against Mesa pursuant to §25-5-11, his claim would be barred by the order approving the settlement and releasing Mesa. In Gates Rubber Co. v. Cantrell, 678 So.2d 754 (Ala. 1996), this Court held that a release pursuant to a settlement, which used language almost identical to that of the March 13, 1998, order in this case, also released the employer from a claim alleging retaliatory discharge (a claim based on § 25-5-11.1). The Court stated, in note 1, that damages for retaliatory discharge "`can be awarded in accordance [with] the general law of torts.'" 678 So.2d at 755. (Quoting Caraway v.Franklin Ferguson Mfg. Co., 507 So.2d 925, 926 (Ala. 1987)). The Court went on to state that "a `settlement of any and all claims for compensation benefits due and rehabilitation or retraining benefits due' is `conclusive of any other claims,' unless there is evidence of fraud or the claim in issue is expressly excepted from the settlement agreement." 678 So.2d at 756 (quoting Sanders v. Southern Risk Servs.,603 So.2d 994, 995-96 (Ala. 1992)). The Sanders case was similar toCantrell in that in each the plaintiff was attempting to assert a retaliatory-discharge claim after releasing the employer from claims for benefits under the Workers' Compensation Act. The specific language inCantrell released the employer from claims for "compensation and vocational rehabilitation benefits." 678 So.2d at 754. The language in the Sanders settlement released the employer from claims for "compensation benefits due and rehabilitation or retraining benefits due. " 603 So.2d at 995. The order approving the settlement in the present case released Mesa from "all claims for compensation and vocational rehabilitation benefits."
Dudley amended his complaint to assert claims of fraud and outrage against Mesa *Page 1086 
in connection with its handling of his workers' compensation claim. Based on the language in Cantrell, it appears that these claims would not be barred by the order releasing Mesa. However, because this Court has held that retaliatory-discharge claims are tort claims and that claims under § 25-5-11 are also tort claims, I disagree with the holding of the majority opinion. I do not see how the present case is distinguishable from Cantrell and Sanders. The majority reasons that because Dudley's claim under § 25-5-11 is a tort claim rather than a claim for workers' compensation, the claim is not encompassed in the order releasing Mesa. However, that was the exact issue in Cantrell and Sanders, wherein the Court held that a claim alleging retaliatory discharge, which is a tort claim, was encompassed by the release.
Following the rationale of Cantrell and Sanders, I conclude that the release contained in the March 13, 1998, order in the present case also released Mesa from any § 25-5-11 claim Dudley had against Mesa based on a failure to maintain a safety device. However, the terms of the March 13, 1998, order releasing Mesa did not also cover Fluke, the third party joined as a defendant, and the claim against Fluke, therefore, was not subject to dismissal. Therefore, I concur in the reversal of the dismissal as to Fluke. I dissent from the reversal of the dismissal of the § 25-5-11 claim against Mesa. I concur as to the fraud and outrage claims against Mesa.
See, J., concurs.