This is an appeal from an order of the Circuit Court of Covington County dismissing the plaintiff's suit for failure to state a claim upon which relief could be granted. The plaintiff, Patricia Ann Caraway, alleged that she was wrongfully discharged by her employer, the defendant, for maintaining a claim against the defendant to recover Workmen's Compensation benefits. The defendant moved to dismiss Caraway's complaint on the grounds that Ala. Code 1975, § 25-5-11.1
(effective February 1, 1985), fails to provide damages for wrongful dismissal. Without a provision for damages, the defendant argues, there is no cause of action; therefore, the defendant says, Caraway failed to state a claim upon which relief could be granted. We reverse and remand.
Section 25-5-11.1 specifically proscribes the termination of an employee solely because the employee has sought Workmen's Compensation benefits:
 No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover worker's compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of section 25-5-11. (Acts 1984, 2nd Ex.Sess., No. 85-41, p. 44, § 11.)
In the present case, Caraway's complaint alleges that she was wrongfully discharged by the defendant because she sought to recover Workmen's Compensation benefits for an injury which, she alleges, she received while she was employed by the defendant.
The fact that § 25-5-11.1 does not delineate what damages may be awarded in the event of a violation of the statute has no bearing on the existence of a cause of action. The clear intent of the legislature in enacting § 25-5-11.1 was to prohibit the dismissal of an employee merely because that employee claimed Workmen's Compensation benefits or filed a written notice of a safety violation by the employer. The absence from the statute of a provision for damages is not a basis for dismissing the plaintiff's complaint on the grounds that she has failed to state a claim upon which relief could be granted. The cause of action is clearly established by § 25-5-11.1.
Although § 25-5-11.1 omits specific reference to damages for violation of its provisions, damages can be awarded in accordance with the general law of torts.
The judgment dismissing the plaintiffs' complaint is, therefore, reversed, and this cause is remanded for a hearing on the merits of the plaintiffs complaint.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur. *Page 927