RICHARD L. HOLMES, Retired Appellate Judge.
This is a retaliatory discharge case.
On June 28, 1994, Betty Elaine Ward (employee) filed a two-count complaint, against Russell Corporation (employer). In her first count, the employee sought workers’ compensation benefits for on-the-job injuries to her shoulders and right hand. In the second count of her complaint, the employee alleged that on June 8, 1994, she was wrongfully terminated from her employment in retaliation for her institution or maintenance of a claim for workers’ compensation benefits.
We would note that the trial court approved a settlement of the workers’ compensation claim in October 1995. This settlement specifically reserved the employee’s right to pursue her 'wrongful termination claim. See Gates Rubber Co. v. Cantrell, 678 So.2d 754 (Ala.1996).
The employer filed an answer. Thereafter, the employer filed a summary judgment motion, along with depositions, affidavits, and a brief in support of the motion. In its summary judgment motion the employer maintained that it was entitled to a judgment in its favor on the retaliatory discharge claim because, it claimed, the employee “was never fired or terminated from her job at all.” The summary judgment motion further stated the following, in pertinent part:
“[The employee], with her own agreement, was placed on a medical leave of absence *386 effective to the present day after reporting that she no longer could perform her job.”
The employee filed a response in opposition to the summary judgment motion, along with depositions and affidavits in support of her position. The employee’s affidavit contained the following pertinent statements:
“On or about June 8, 1994, I was working at Russell Corporation in the area of folding. At that time Elaine Haney came to my work area and asked how I was doing. I told her I was having trouble with my shoulder and hand.... Later that day, I was called into the office whereupon a meeting was held with Tol Dozier and Todd Wood.... I did not tell them that I could not perform the job that I was doing of folding. I was doing my job every day although I was having some problems. I was doing it and doing it satisfactorily. They placed me on ninety-day leave. I had no choice in the matter and this leave has, in effect, amounted to a termination of my job. They have subsequently changed the status of my ninety-day leave to a medical leave and I assume that it is permanent as I have had no information or notice from them that I would be going back to work.... Furthermore, there are numerous jobs at [the employer’s]- place of business that I could do if folding had not been satisfactory to them. However, folding was the job I was doing on June 8, 1994, and I am ready, willing, and able to do it today but for the fact that I have been terminated because of my giving notice and a claim for my injury on the job on or about April 1994 wherein I suffered a carpal tunnel syndrome injury to my right hand.”
Thereafter, the trial court issued an order, dated October 23,1995, which stated:
“The court finds that although [the employee’s] allegations that she was placed on ‘job placement leave’ for no reason other than her workers’ compensation claim may be considered a prima facie showing, she has failed to present any substantial evidence to rebut [the employer’s] evidence that such leave was due to her inability to perform her job. The court notes that [the employer’s] position is bolstered by Dr. Granger’s deposition at page 18, lines 23-25. Therefore, summary judgment is granted as to the wrongful termination count.”
The employee filed a motion to alter, amend, or vacate, which was denied.
The employee appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The employee contends that the trial court committed reversible error when it granted the summary judgment motion in favor of the employer.
At the outset we note that the general rule under Alabama law is that an employee may be discharged from his employment, with or without cause or justification, for a good reason, a wrong reason, or no reason at all. Culbreth v. Woodham Plumbing Co., 599 So.2d 1120 (Ala.1992). Ala.Code 1975, § 25-5-11.1, provides an exception to this general rule and states the following, in pertinent part: “No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers’ compensation benefits.... ”
Rule 56(c)(3), Ala.R.Civ.P., provides that a summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. It is well settled that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Further, our supreme court has stated the following in Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364, 1369 (Ala.1988):
“We hold that an employee may establish a prima facie case of retaliatory discharge by proving that he was ‘terminated’ because he sought to recover worker’s compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the plaintiff must prove *387 that the reason was not true but a pretext for an otherwise- impermissible termination.”
As previously noted, the trial court found that the employee made a “prima facie showing” of retaliatory discharge. However, the trial court granted the employer’s summary judgment motion because it determined that the employee “failed to present any substantial evidence to rebut [the employer’s] evidence that such leave was due to her inability to perform her job.”
We note the trial court’s reliance upon a certain portion of Dr.' Granger’s testimony. Dr. Granger was one of the employee’s treating physicians. We find the following testimony on page 18, lines 23-25, of Dr. Gran-ger’s deposition:
“Q. Can [the employee] go back to doing the repetitive-type work that she did, as she described it to you?
“[Dr. Granger]: I don’t believe so.”
The trial court’s reliance upon this testimony is misplaced. As previously noted, the employee stated the following in her affidavit:
“I did not tell [the employer] that I could not perform the job that I was doing of folding. I was doing my job every day although I was having some problems. I was doing it and doing it satisfactorily.... However, folding was the job I was doing on June 8, 1994, and I am ready, willing, and able to do it today but for the fact that I have been terminated because of my giving notice and a claim for my injury on the job on or about April 1994 wherein I suffered a carpal tunnel syndrome injury to my right hand.”
Even though one of the employee’s treating physicians testified that he did not believe that the employee could continue the repetitive-type motion required by her job, the employee testified that she was “doing [her job] and [was] doing it satisfactorily.” Consequently, the employee’s statements in her affidavit were sufficient to rebut the employer’s contention that the employee was placed on medical leave “due to [the employee’s] inability to perform her job.”
We have reviewed the record and find that under the circumstances present in this case, it clearly appears that the “medical leave” was, in fact, some form of termination.
In light of the above, the trial court committed reversible error when it entered a summary judgment in favor of the employer. The trial court’s judgment is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.
As the foregoing is dispositive of this appeal, the remaining issues are pretermitted.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, and MONROE, JJ., concur.
THIGPEN, J., concurs specially.
CRAWLEY, J., dissents.