THOMAS, Judge.
On February 15, 2009, Kenneth Gallups sued Dillard’s, Inc., seeking workers’ compensation benefits (“the workers’ compensation claim”) and alleging that Dillard’s had discharged him from his employment in violation of Ala.Code 1975, § 25-5-11.1, solely because he had made a claim for workers’ compensation benefits (“the retaliatory-discharge claim”); that action was assigned case number CV-09-900091. Dillard’s moved to sever the workers’ compensation claim from the retaliatory-discharge claim, filed separate answers to both claims, and moved to compel arbitration as to the retaliatory-discharge claim. Gallups opposed Dillard’s motion to compel arbitration.
The trial court severed the retaliatory-discharge claim from the worker’s compensation claim, assigned the retaliatory-discharge claim case number CV-09-900091.01 (“the retaliatory-discharge case”), stayed discovery in the retaliatory-discharge case, and set a hearing on the motion to compel arbitration for July 31, 2009. However, although the retaliatory-discharge case was assigned case number CV-09-900091.01, the parties and the trial court continued to file all motions, responses, and orders relating to the retaliatory-discharge case in case number CV-09-900091. After the hearing on the motion to compel arbitration, the trial court denied that motion. Dillard’s appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
“ ‘A direct appeal is the proper procedure by which to seek review of a trial court’s order denying a motion to compel arbitration.’ Homes of Legend, Inc. v. McCollough, 776 So.2d 741, 745 (Ala. 2000); Rule 4(d), Ala. R.App. P. We review the trial court’s grant or denial of a motion to compel arbitration de novo. Bowen v. Security Pest Control, Inc., 879 So.2d 1139, 1141 (Ala.2003). The party seeking to compel arbitration has the initial burden of proving the existence of a contract calling for arbitration and proving that that contract evidences a transaction involving interstate commerce. Polaris Sales, Inc. v. Heritage Imports, Inc., 879 So.2d 1129, 1132 (Ala. 2003). The moving party ‘ “ ‘must produce some evidence which tends to establish its claim.’ ” ’ Wolff Motor Co. v. White 869 So.2d 1129, 1131 (Ala.2003) (quoting Jim Burke Auto., Inc. v. Beavers, 674 So.2d 1260, 1265 (Ala.1995), quoting in turn In re American Freight Sys., Inc., 164 B.R. 341, 345 (D.Kan.1994)). Once the moving party meets this initial burden, the nonmovant then has the burden to present evidence tending to show that the arbitration agreement is invalid or inapplicable to the case. Polaris, 879 So.2d at 1132.”
Title Max of Birmingham, Inc. v. Edwards, 973 So.2d 1050, 1052-53 (Ala.2007).
The contract governing the arbitration of disputes between Dillard’s and its employees is entitled “Rules of Arbitration” (“the Rules”).[1] According to the Rules, *199 the following types of claims, among others not relevant here, are required to be arbitrated:
“Personal injuries except those covered by workers’ compensation or those covered by an employee welfare benefit plan, pension plan or retirement plan which are subject to the Employee Retirement Income Security Act of 1974 (ERISA) other than claims for breach of fiduciary duty (which shall be arbitra-ble).
“Retaliation for filing a protected claim for benefits (such as workers’ compensation) or exercising your protected rights under any statute.”
Based on the above-quoted provisions, Dillard’s argued that, although Gallups’s workers’ compensation claim was specifically excluded under the Rules, his retaliatory-discharge claim was specifically included as an arbitrable claim. Gallups argued, however, that the above-quoted provisions created an ambiguity because, he contended, his retaliatory-discharge claim arose under the Alabama Workers’ Compensation Act, codified at Ala. Code 1975, § 25-5-1 et seq., and would therefore be exempted from the agreement by the first-quoted provision above (“the first provision”) while being included as a arbitrable claim by the second-quoted provision above (“the second provision”). Gallups further argued that a retaliatory-discharge claim was not arbitrable under the Rules because, he asserted, the Rules required that he have filed a protected claim like his workers’ compensation claim and he had not actually filed a claim for benefits before he was discharged. Finally, Gallups argued that the language of the second provision is vague, ambiguous, and confusing and that, by its language, it does not apply to his retaliatory-discharge claim.
The trial court determined in its order denying Dillard’s motion that Gallups’s retaliatory-discharge claim arose under the Alabama Workers’ Compensation Act and that, therefore, it was not subject to arbitration under the Rules. In its detailed order, the trial court relied in large part on federal district court cases holding that retaliatory-discharge claims arise under the Alabama Workers’ Compensation Act for purposes of determining whether actions containing such claims can be removed to federal court pursuant to 28 U.S.C. § 1445(c), which prohibits removal to the federal courts of “[a] civil action in any State court arising under the workmen’s compensation laws of such State.” See, e.g., Reed v. Heil Co., 206 F.3d 1055 (11th Cir.2000); Brooks v. Wireless One, Inc., 48 F.Supp.2d 1294 (M.D.Ala.1999); and Subra v. CMS Therapies, Inc., 900 F.Supp. 407 (M.D.Ala.1995). The trial court also relied on cases involving releases signed in workers’ compensation actions, which releases have been construed to preclude a subsequent retaliatory-discharge action arising out of the workers’ compensation claim giving rise to the release. Sanders v. Southern Risk Servs., 603 So.2d 994 (Ala.1992); Gates Rubber Co. v. Cantrell, 678 So.2d 754 (Ala.1996); and Walton v. Beverly Enters.-Alabama, Inc., 4 So.3d 537, 545 (Ala.Civ.App.2008). Based on those cases, the trial court concluded that Gallups’s retaliatory-discharge claim arose out of the Alabama Workers’ Compensation Act and was therefore a claim for “[pjersonal injuries ... covered by workers compensation” which is not arbitrable under the Rules.
Dillard’s argues on appeal that the language of the Rules clearly requires arbitration of Gallups’s retaliatory- *200 discharge claim.[2] According to Dillard’s, the trial court’s reliance on federal case-law applying § 1445 and Alabama case-law governing releases is misplaced because the Alabama Supreme Court has held that a retaliatory-discharge action does not arise under the Alabama Workers’ Compensation Act. See Jackson County Hosp. v. Alabama Hosp. Ass’n Trust, 619 So.2d 1369, 1371 (Ala.1993). Finally, Dillard’s relies on the presumption in favor of arbitration that arises under the Federal Arbitration Act, codified at 9 U.S.C. § 1 et seq., which, it contends, requires that any questions regarding arbitrability should be resolved in favor of arbitration. See Title Max of Birmingham, Inc. v. Edwards, Inc., 973 So.2d 1050, 1054 (Ala.2007) (quoting Homes of Legend, Inc. v. McCollough, 776 So.2d 741, 745 (Ala.2000) (quoting in turn Volt Info. Scis., Inc. v. Board of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 475-76, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989))) (‘““[D]ue regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration.” ’ ”).
It is well settled that “ ‘ “[a]rbi-tration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.” ’ ” Ex parte Cain, 838 So.2d 1020, 1026 (Ala.2002) (quoting AT & T Techns., Inc. v. Communications Workers of America, 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (quoting in turn United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960))). A court should apply state-law contract principles when considering whether the parties intended to arbitrate a particular dispute. McCollough, 776 So.2d at 745 (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985, (1995)). However, “ ‘in applying general state-law principles of contract interpretation to the interpretation of an arbitration agreement within the scope of the [Federal Arbitration] Act, due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration.’ ” McCollough, 776 So.2d at 745 (quoting Volt Info. Scis., 489 U.S. at 475-76, 109 S.Ct. 1248). “ ‘[A]s with any other contract, the parties’ intentions control, but those intentions are generously construed as to issues of arbitrability.’ ” McCollough, 776 So.2d at 746 (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)). “Thus, a motion to compel arbitration should not be denied ‘unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.’ ” Ex parte Colquitt, 808 So.2d 1018, 1024 (Ala.2001) (quoting United Steelworkers of America, 363 U.S. at 582-83, 80 S.Ct. 1347).
Alabama law provides that “the intent of the contracting parties is dis *201 cerned from the whole of the contract.” McCollough, 776 So.2d at 746. In addition, the terms used in the contract are to be given their plain, ordinary, and natural meaning, except in cases where its is apparent that the terms have special or technical meanings. Id. Because Gallups argues that the terms of the two relevant provisions are ambiguous, we note that,
“[i]f the court determines that the terms are unambiguous (susceptible of only one reasonable meaning), then the court will presume that the parties intended what they stated and will enforce the contract as written. On the other hand, if the court determines that the terms are ambiguous (susceptible of more than one reasonable meaning), then the court must use established rules of contract construction to resolve the ambiguity.”
Id. (internal citations omitted). Finally, we note the rule of construction providing that “where there is a choice between a valid construction and an invalid construction the court has a duty to accept the construction that -will uphold, rather than destroy, the contract and that will give effect and meaning to all of its terms.” Id.
The language of the provisions at issue provide clearly that a workers’ compensation claim is not arbitrable. Gallups argued, and the trial court concluded, that the second provision subjecting retaliatory-discharge claims to arbitration was made ambiguous by the fact that, under Alabama law, whether a retaliatory-discharge claim is considered to arise out of the Alabama Workers’ Compensation Act is somewhat unclear. Thus, the trial court turned to federal caselaw construing § 1445(c), which prohibits removal to the federal courts of “[a] civil action in any State court arising under the workmen’s compensation laws of such State,” to assist it in determining whether a retaliatory-discharge claim arises under the Alabama Workers’ Compensation Act and therefore whether the Rules excluded Gallups’s claim from arbitration because of the language of the first provision. Although we understand that the federal cases relied upon by the trial court are persuasive authority indicating that a retaliatory-discharge claim arises under the Alabama Workers’ Compensation Act, that authority is not binding on this court. See, e.g., Preferred Risk Mut. Ins. Co. v. Ryan, 589 So.2d 165,167 n. 2 (Ala.1991). Notably, in determining that retaliatory-discharge claims arise under the Aabama Workers’ Compensation Act, the United States Court of Appeals for the Eleventh Circuit stated that “the Alabama courts and legislature, however, cannot decide for us whether the retaliatory discharge provision arises under the workers’ compensation laws within the meaning of section 1445(c),” because § 1445(c) is a federal jurisdiction statute, the interpretation of which is governed by federal and not state law. Reed, 206 F.3d at 1059. We also find reliance on federal caselaw construing a federal jurisdiction statute unnecessary because, in our opinion, the Alabama Supreme Court has spoken on the issue.
Our supreme court has determined that, although a retaliatory-discharge action “operates to protect an employee who files a traditional workers’ compensation claim ..., [it] does not itself become a ‘workers’ compensation’ action.” Jackson County Hosp., 619 So.2d at 1371. The issue in Jackson County Hospital was whether the Alabama Hospital Association Trust (“the Trust”) was required to defend Jackson County Hospital (“the Hospital”) against a retaliatory-discharge claim brought against the Hospital. Id. at 1370. Although the opinion does not make it clear, the agreement between the Trust and the Hospital must have excluded workers’ compensation claims from those claims the Trust was required to defend. Id. at *202 1370-71. After considering Minnesota law on the subject, the court determined that, because the Minnesota workers’ compensation statutes tied the claim for damages to the amount of the claim for compensation benefits and Alabama law does not, Minnesota law was not persuasive. Id. at 1371. Instead, the court said, because retaliatory-discharge claims entitle a claimant to damages proven under the general law of torts and may be submitted to a jury for decision, a retaliatory-discharge claim in Alabama is not like a similar claim in Minnesota, which does arise under that state’s workers’ compensation statutes. Id. After pointing out “that claims that do ‘arise under’ workers’ compensation laws are generally for occupational diseases and accidental injuries resulting from one’s employment,” the court held that “the retaliatory discharge claim is in the nature of a traditional tort, albeit one that is applied in the specialized circumstances of a worker’s compensation claim, and thus does not arise ‘under’ our workers’ compensation law for purposes of the general liability insurance provision in this case.” Id.
Although the federal courts have indicated that Jackson County Hospital is limited by its own language to only those cases involving an issue of insurance coverage arising from the construction of a general liability provision in an insurance contract, see, e.g., Brooks, 43 F.Supp.2d at 1296-97, and Subra, 900 F.Supp. at 410, we cannot agree that such a limitation, even if our supreme court had so limited its holding, would prevent the application of the holding in Jackson County Hospital to this particular case, which also involves the interpretation of a contract. As noted above, the Eleventh Circuit Court of Appeals has explained that Alabama’s own view of whether a retaliatory-discharge claim arose under the Alabama Workers’ Compensation Act was of little interest to the federal court because federal law governs the interpretation of § 1445(c). Reed, 206 F.3d at 1059; see also Subra, 900 F.Supp. at - 410-11 (quoting Spearman v. Exxon Coal USA, Inc., 16 F.3d 722, 724 (7th Cir.1994)) (“In [the] context [of construing and applying § 1445], ‘[t]hat federal law supplies the definition of “workmen’s compensation laws” is beyond doubt.’”). As our supreme court determined in Jackson County Hospital, under Alabama law, a retaliatory-discharge case is not a workers’ compensation action and is instead a traditional tort action. Jackson County Hosp., 619 So.2d at 1371.
The trial court’s reliance on Sanders and Cantrell as authority for determining that a retaliatory-discharge claim arises under the Alabama Workers’ Compensation Act is also misplaced. In both Sanders and Cantrell, our supreme court considered whether certain language contained in releases executed by employees in the settlement of their workers’ compensation actions also released any claim alleging retaliatory discharge that the employee might have. The language of the release in Sanders was quite broad, releasing both “ ‘any and all claims for compensation benefits due and rehabilitation or retraining benefits due under the Workmen’s Compensation Act’ ” and “ ‘all claims on account of said injury, under [the Workmen’s Compensation] Act or otherwise.’ ” Sanders, 603 So.2d at 995 (emphasis added). Our supreme court determined that the release in Sanders “on its face releases [the employer] of all other obligations to [the employee].” Id. at 996.
The release in Cantrell was not nearly as broad, however, indicating that the employer was released from “‘any and all liability now accrued or hereafter to accrue for compensation and vocational rehabilitation benefits under the workmen’s compensation laws of the State of Alabama, or *203 otherwise.’” Cantrell, 678 So.2d at 754 (emphasis omitted). Nevertheless, based on the decision in Sanders, the Cantrell court held that the release did bar the employee’s retaliatory-discharge claim. Id. at 756.
The trial court also relied on Walton, 4 So.3d at 545, in which this court, applying the holdings of both Sanders and Cantrell, determined that a release executed in conjunction with an employee’s workers’ compensation action did bar her from pursuing a retaliatory-discharge action. The language in the release under consideration in Walton was extremely broad, releasing
“ ‘any and all claims, demands, causes of action, suits, and losses of every kind or nature, whether liquidated or contingent, which the undersigned may have or may have had at any time heretofore or may have at any time hereafter pertaining or relating to any matters or things occurring or failing to occur or in any manner connected with or growing out of the incident described in [the employee’s workers’ compensation action] and including, without limitation, all claims resulting from or arising out of the alleged incidents forming the basis of the Lawsuit that the undersigned has alleged against the Released Parties.’ ”
Walton, 4 So.3d at 538-39 (emphasis added).
As we explained in Jones v. Ruth, 31 So.3d 115, 119 (Ala.Civ.App.2009), our supreme court has more recently considered release language similar to that used in Cantrell to have been insufficient to release tort claims against the employer asserted under Ala.Code 1975, § 25-5-11(c)(2). In Dudley v. Mesa Industries, 770 So.2d 1082, 1084 (Ala.2000), our supreme court determined, based in part on the characterization of actions under § 25-5-11 as tort claims for damages and not as workers’ compensation claims, that “the language used by the trial court in its [order approving the settlement agreement] releasing [the employer] from all claims for ‘compensation and vocational rehabilitation benefits’ arising under the Workers’ Compensation Act applied only to [the employee’s] claim for workers’ compensation and vocational benefits.” Based on Dudley and Jackson County Hospital, this court determined in Jones that claims made under § 25-5-11 did not arise under the Workers’ Compensation Act because they were tort claims seeking damages and not traditional workers’ compensation claims seeking payment of benefits as a result of an accidental workplace injury or the contraction of an occupational disease. Jones, 31 So.3d at 121.
Thus, based on the development of the law since Cantrell, we cannot conclude that a retaliatory-discharge claim arises under the Workers’ Compensation Act merely because in Cantrell our supreme court read release language that appears to have applied only to claims made for compensation and vocational benefits under the Workers’ Compensation Act expansively to preclude a retaliatory-discharge claim. Our supreme court has classified a retaliatory-discharge claim as a tort claim that does not arise under the Workers’ Compensation Act for the purposes of a general liability provision contained in an insurance contract, Jackson County Hosp., 619 So.2d at 1371, and has determined that release language pertaining to claims for compensation and vocational-rehabilitation benefits due under the Workers’ Compensation Act does not encompass claims under § 25-5-11, in part because those claims are considered to be tort claims and not workers’ compensation claims. Dudley, 770 So.2d at 1084-85. Based on Dudley and Jackson County Hospital, therefore, we hold that the trial court erred in *204 concluding that Gallups’s retaliatory-discharge claim could not be arbitrated because it fell under the first of the two relevant above-quoted provisions in the Rules. A retaliatory-discharge claim does not arise under the Workers’ Compensation Act such that it falls within the exclusion stated in the Rules for “[p]ersonal injuries ... covered by workers’ compensation.”
As a further basis for affirming the trial court’s judgment and as further support for the conclusion that his retaliatory-discharge claim should not be considered subject to arbitration under the Rules, Gallups relies on other language in the second provision that, he says, either creates ambiguities that should be construed against Dillard’s or that prevent the application of the second provision to his retaliatory-discharge claim. Gallups first argues that the use of the term “filing” in the second provision prevents its application to his retaliatory-discharge claim because he had not yet filed a workers’ compensation claim at the time he was discharged from his employment. Secondly, Gallups asserts that the second provision, which contains the word “retaliation,” is vague and ambiguous because it fails to use words like “discharge” or “termination” or to refer to a “retaliatory-discharge claim.” Neither of Gallups’s arguments are convincing.
As Dillard’s points out, Gallups’s interpretation of the word “filing” as requiring the formal institution of a legal action is a rigid view of that term. Notably, the terminology used in the provision is “filing a protected claim for benefits,” which negates the implication that a legal action must be instituted. A “claim” is “a demand for something due or believed to be due.” Meriam-Webster’s Collegiate Dictionary 227 (11th ed. 2003). Thus, ascribing the plain and common meaning to the word “claim,” we cannot agree that the provision required that Gallups institute a legal action for workers’ compensation benefits before his employment was terminated in order for the second provision to apply to Gallups’s retaliatory-discharge claim. Our conclusion is further supported by Alabama retaliatory-discharge caselaw, which makes it clear that the formal initiation of an action for workers’ compensation benefits is not required before an employee whose employment is allegedly terminated in violation of § 25-5-11.1 may bring a retaliatory-discharge action. Hexcel Decatur, Inc. v. Vickers, 908 So.2d 237, 242 (Ala.2005) (“Section 25-5-11.1 ... does not require the formal commencement of a specific form of civil action, i.e., one seeking the recovery of workers’ compensation benefits, as a prerequisite to recovery for retaliatory discharge.”); McClain v. Birmingham Coca-Cola Bottling Co., 578 So.2d 1299, 1300 (Ala.1991) (rejecting the argument that the language in § 25-5-11.1 required that an employee have filed a legal action before his or her discharge in order for the employee to have a cause of action under § 25-5-11.1); Twilley v. Daubert Coated Prods., Inc., 536 So.2d 1364, 1369 (Ala.1988) (“We hold that an employee may establish a prima facie case of retaliatory discharge by proving that he was ‘terminated’ because he sought to recover worker’s compensation benefits, which would be an impermissible reason.” (emphasis added)).
We are similarly unconvinced that the failure of Dillard’s to draft its provision to use the specific term “retaliatory discharge” or to include words like “termination” or “discharge” instead of the broader term “retaliation” results in vagueness or creates any ambiguity that requires us to construe the provision against Dillard’s. As Dillard’s explains, the Rules are used in several states, and *205 the language used in the provision covers all actions claiming that one was retaliated against for seeking benefits or for exercising a right protected by statute and not only claims for retaliatory discharge under § 25-5-11.1. “Retaliate” is defined as “to return like for like; esp: to get revenge.” Merriamr-Webster’s Collegiate Dictionary 1063 (11th ed. 2003). Although in Gal-lups’s case the alleged retaliation took the form of a termination of his employment, thus giving rise to an action under § 25-5-11.1, not every retaliation for seeking benefits or for exercising a right will take that form. The fact that the provision would encompass other forms of retaliation besides a termination or a discharge does not make the provision vague or ambiguous. In fact, the fact that the provision has a broader scope, encompassing other forms of retaliation based on an employee’s seeking benefits or exercising rights protected by statute further strengthens the conclusion that the provision does apply to require arbitration of Gallups’s retaliatory-discharge claim. See SouthTrust Bank v. Bowen, 959 So.2d 624, 632 (Ala.2006) (concluding that, based upon the combination of the “broad language of the arbitration provisions” and “the strong policy requiring this Court to interpret the scope of an arbitration provision in favor of embracing arbitration,” the arbitration provisions at issue covered a disputed claim). We cannot agree that the provision is vague or that an ambiguity is created by the use of the word “retaliation.” The meaning of the provision is clear, and Gallups’s retaliatory-discharge claim falls within its scope.
Because Alabama law supports the conclusion that a retaliatory-discharge claim does not arise under the Alabama Workers’ Compensation Act, the trial court’s conclusion to the contrary is incorrect and will not support the order denying Dillard’s motion to compel arbitration. In addition, Gallups’s arguments regarding alleged vagueness and ambiguities in the relevant provisions are unpersuasive. The language used in the relevant provisions in the Rules require that Gallups’s retaliatory-discharge claim be submitted to arbitration, and none of Gallups’s arguments have convinced us that “ ‘it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.’” Ex parte Colquitt, 808 So.2d 1018, 1024 (Ala.2001) (quoting United Steelworkers of America, 363 U.S. at 582-83, 80 S.Ct. 1347). The judgment of the trial court denying Dillard’s motion to compel arbitration is reversed, and the trial court is instructed upon remand to enter an order compelling arbitration of Gallups’s retaliatory-discharge claim.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Dillard's established that Gallups had entered into a contract requiring arbitration of certain claims when Gallups entered Dillard’s employ and that " ' “the contract [between it and Gallups] evidence[d] a transaction substantially affecting interstate commerce,” ’ " see Gayfer Montgomery Fair Co. v. Austin, 870 So.2d 683, 685 (Ala.2003), and Gallups did *199 not challenge that Dillard’s had failed to establish either requirement.

. Dillard's also argues that the Rules provide that any dispute regarding the scope of the arbitration agreement is to be submitted to the arbitrator and not to a court. However, Dillard’s did not assert this argument in the trial court. It is well settled that an appellant may not secure a reversal of a trial court’s judgment based on an argument that was not presented to nor decided by it. See Lee v. YES of Russellville, Inc., 858 So.2d 250, 257 (Ala.2003) ("The trial court will not be placed in error on the basis of issues never presented to it.”), and Tucker v. Nichols, 431 So.2d 1263, 1264 (Ala.1983) (noting the "longstanding, well-established rule that [in order to secure a reversal] the appellant has an affirmative duty of showing error upon the record”).