THOMPSON, Presiding Judge.
Samantha Kirsten Gibson, as the personal representative of the estate of Christopher Wade Gibson, appeals from the judgment of the Baldwin Circuit Court dismissing the estate’s claim of retaliatory discharge in violation of § 25-5-11.1, Ala. Code 1975, against Staffco, L.L.C., d/b/a Ribs & Reds Restaurant (“Staffco”). For the reasons set forth herein, we reverse the trial court’s judgment.
Christopher Wade Gibson was an employee of Staffco. On October 7, 2008, after his employment with Staffco had been terminated, he filed an action against Staffco in which he alleged that he had sustained injuries to his right hand and his left knee during his employment with Staffco for which, he asserted, he was enti-tied to benefits under the Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975 (“the Act”). He also alleged that Staffco had terminated his employment in violation of § 25-5-11.1 (which prohibits an employer from terminating a worker’s employment in retaliation for demanding benefits under the Act), and he sought damages for that termination.
On July 6, 2009, Mr. Gibson died from causes not related to his alleged work-related injuries. On December 1, 2009, Staffco filed a motion to dismiss Mr. Gibson’s claim for benefits under the Act on the basis of § 25-5-57(a)(5), Ala.Code 1975, which provides that when a worker dies from causes not related to his or her claim for benefits under the Act, his or her claim for benefits survives only if the degree of disability resulting from the injury has been determined by a court or agreed upon by the parties. On December 3, 2009, Staffco filed a suggestion of death and a motion to dismiss Mr. Gibson’s retaliatory-discharge claim on the basis that that claim did not survive his death.[1]
On January 5, 2010, counsel for Mr. Gibson filed a document that he styled an “amended complaint,” which added as a plaintiff Samantha Kirsten Gibson in her capacity as the personal representative of Mr. Gibson’s estate. Although the amended complaint continued to refer to Mr. Gibson as a plaintiff, the allegations contained in the amended complaint acknowledged that Mr. Gibson had died. Thus, we treat the amended complaint as a substitution of Ms. Gibson, as the personal representative of Mr. Gibson’s estate, for Mr. Gibson. Cf. King Mines Resort, Inc. v. Malachi Min. & Minerals, Inc., 518 So.2d 714, 718 (Ala.1987) (“This Court is committed to the proposition that it will treat a motion (or other pleading) and its assigned *1274 grounds according to its substance”). Staffco filed an answer to the amended complaint; it did not object to the addition of Ms. Gibson as a plaintiff.
On May 19, 2010, the trial court granted both of Staffco’s motions to dismiss. Ms. Gibson filed a timely appeal regarding the dismissal of the retaliatory-discharge claim to this court.[2] She does not appeal from the dismissal of the claim for benefits under the Act. This court transferred the appeal to the supreme court for lack of jurisdiction. The supreme court then transferred the appeal back to this court pursuant to § 12-2-7(6), Ala.Code 1975.
As stated, the basis of Staffco’s motion to dismiss the claim of retaliatory discharge was that the claim did not survive Mr. Gibson’s death. As a general rule, a tort claim that has been filed before the death of the plaintiff survives in favor of his or her estate. See § 6-5-462, Ala. Code 1975. However, with regard to claims filed pursuant to the Act, § 25-5-57(a)(5) provides, in pertinent part:
“If an employee who sustains a permanent partial or permanent total disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, the employee’s surviving spouse or dependent children or both shall be entitled to the balance of the payments which would have been due and payable to the worker.... ”
Thus a claim for benefits under the Act does not survive the death of a worker if, as in this case, the degree of the worker’s disability is not ascertained by a court or agreed to between the parties before the worker’s death. The question before this court is whether the retaliatory-discharge claim should be treated, for purposes of survival, as a tort claim or as a claim for benefits under the Act.
Although our research does not reveal any binding precedent directly addressing this issue, cases from both this court and our supreme court indicate generally that a retaliatory-discharge claim constitutes a tort claim rather than a claim for benefits under the Act. For example, our supreme court has held that, although a claim for benefits under the Act is not subject to a jury trial, a claim of retaliatory discharge in violation of § 25-5-11.1 is a tort claim and should be tried to a jury. See Twilley v. Daubert Coated Prods., Inc., 536 So.2d 1864, 1370 (Ala.1988) (opinion on application for rehearing) (“Twil-le/s cause of action under the wrongful termination statute is a tort action. See Caraway v. Franklin Ferguson Mfg. Co., 507 So.2d 925 (Ala.1987). Thus, an action for wrongful termination is ‘of a sort’ that has traditionally been tried to a jury, even though it may have arisen out of a workman’s compensation factual setting.”). Recently, this court held that, in the context of the arbitrability of claims, a claim of retaliatory discharge does not fit within a contractual exclusion from arbitration for workers’ compensation claims. Dillard’s, Inc. v. Gallups, 58 So.3d 196, 202 (Ala.Civ.App.2010). In so holding, this court wrote: “As our supreme court determined in Jackson County Hospital [v. Alabama Hospital Ass’n Trust, 619 So.2d *1275 1369, 1371 (Ala.1993),] under Alabama law, a retaliatory-discharge case is not a workers’ compensation action and is instead a traditional tort action.” Id. at 202. See also Morgan v. Northeast Alabama Reg’l Med. Ctr., 624 So.2d 560, 561 (Ala.1993) (“In [Caraway ] v. Franklin Ferguson Manufacturing Co., 507 So.2d 925 (Ala.1987), the Court held that § 25-5-11.1 establishes a cause of action in tort for violation of its provisions and reversed a dismissal of the action.”); 2 Terry A. Moore, Alabama Workers’ Compensation § 20:47 (1998) (“Since Caraway, the courts have routinely decided that, although the retaliatory discharge statute is found in the workers’ compensation statute, a cause of action for retaliatory discharge sounds in tort and is governed by the general rules of tort law, not worker’s compensation law.”); id. at § 20:48 (“[I]t has been settled that the retaliatory discharge statute creates a tort action.... ”); id. at § 20:52 (“[T]he courts have construed the antire-taliation statute as creating a cause of action arising under general tort law....”).
Furthermore, the plain language of § 25-5-57(a)(5) likewise indicates that that section relates only to the proceeds resulting from a claim for benefits under the Act rather than the proceeds of an action alleging retaliatory discharge under § 25-5-11.1. The pertinent sentence of § 25-5-57(a)(5), quoted above, refers to the entitlement of the deceased worker’s spouse and dependents to “payments which would have been due and payable to the worker” for the worker’s “permanent partial or permanent total disability.” There is no indication in that statute that the term “payments” is intended to refer to damages awarded a worker for having been discharged in retaliation for having sought workers’ compensation benefits.
Staffco argues that § 25-5-57(a)(5) should be construed so as to apply to the question whether an action for damages for retaliatory discharge in violation of § 25-5-11.1 survives the death of the discharged worker. As discussed, however, the plain language of that section does not permit such an interpretation, and the voluminous legal precedents addressing a claim under § 25-5-11.1 indicate that a retaliatory-discharge claim is not the kind of claim addressed by § 25-5-57(a)(5).
Based on the foregoing, we conclude that a claim of retaliatory discharge in violation of § 25-5-11.1 should be treated as any other tort claim with regard to whether the claim survives the death of the worker. Because, in the present case, Mr. Gibson filed his retaliatory-discharge claim before he died, that claim survives in favor of his estate pursuant to § 6-5^462. Thus, the trial court erred when it dismissed that claim, and the trial court’s judgment, in this regard, is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. Staffco was represented by separate counsel as to the retaliatory-discharge claim.

. Although Mr. Gibson’s name is listed on the notice of appeal, we have concluded that Ms. Gibson, in a representative capacity, was substituted for Mr. Gibson in the trial court. We have amended the style of the appeal to reflect the appropriate name of the appellant. See Ex parte Singleton, 475 So.2d 186 (Ala.1985); Committee Comments to Rule 1, Ala. R.App. P. ("As is the case with the [Alabama Rules of Civil Procedure], it is the policy of these rules to disregard technicality and form in order that a just, speedy and inexpensive determination of every appellate proceeding on its merits may be obtained.").