BOLIN, Justice.
SSC Selma Operating Company, LLC, doing business as Warren Manor Health and Rehabilitation Center, and SavaSeniorCare Administrative Services, LLC (hereinafter collectively referred to as "the companies"), appeal from an order of the Dallas Circuit Court denying their motion to compel arbitration of a retaliatory-discharge claim filed against them by Jackie Fikes. We reverse and remand.
Facts
On March 4, 2016, Fikes sued the companies, seeking to recover worker's compensation benefits pursuant to the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975 ("the worker's compensation claim"), and alleging that the companies had discharged her from her employment in violation of Ala. Code 1975, § 25-5-11.1, solely because she had filed a claim for worker's compensation benefits ("the retaliatory-discharge claim"). Fikes specifically alleged that on February 19, 2013, she suffered a work-related injury when she attempted to lift a patient while working for the companies as a certified nurse assistant; that she underwent medical treatment for her work-related injury; and that she returned to work under light-duty restrictions until March 4, 2014, at which time, she says, the companies wrongfully terminated her employment. Fikes requested in the complaint that the worker's compensation claim and the retaliatory-discharge claim be severed in order for the retaliatory-discharge claim to be tried by a jury. It does not appear from the record that the trial court severed the claims.[1] The companies moved to compel arbitration of the retaliatory-discharge claim pursuant to their employment-dispute-resolution program (hereinafter "the EDR program") under which Fikes had agreed to be bound. Fikes responded, arguing that the retaliatory-discharge claim was not covered by the EDR program. On October 12, 2016, the trial court entered an order denying the companies' motion to compel arbitration; the companies appeal pursuant to Rule 4(d), Ala. R. App. P.
Standard of Review
"This Court's standard of review on an appeal from a trial court's order granting or denying a motion to compel arbitration is well settled. Bowen v. Security Pest Control, Inc., 879 So.2d 1139, 1141 (Ala. 2003). A direct appeal is the proper procedure by which to seek review of such an order, Rule 4(d), Ala. R. App. P., and this Court will review de novo the trial court's grant or denial of a motion to compel arbitration. Bowen, 879 So.2d at 1141. The party seeking to compel arbitration has the initial burden of proving the existence of a contract calling for arbitration and proving that the contract evidences a transaction involving interstate commerce.
*637 Polaris Sales, Inc. v. Heritage Imports, Inc., 879 So.2d 1129, 1132 (Ala. 2003). The party seeking to compel arbitration must present some evidence tending to establish its claim. Wolff Motor Co. v. White, 869 So.2d 1129, 1131 (Ala. 2003). Once the moving party meets that initial burden, the party opposing arbitration has the burden of presenting evidence tending to show that the arbitration agreement is invalid or that it does not apply to the dispute in question. Bowen, 879 So.2d at 1141. See also Title Max of Birmingham, Inc. v. Edwards, 973 So.2d 1050, 1052-53 (Ala. 2007)."
Alabama Title Loans, Inc. v. White, 80 So.3d 887, 891-92 (Ala. 2011).
Discussion
At the outset, it is noted that neither the companies nor Fikes disputes that the EDR program governs the arbitration of employment disputes between the companies and its employees or that the transaction-Fikes's employment by a company operating in 19 states-involves interstate commerce. The only issue before this Court is whether Fikes met her burden of demonstrating that her retaliatory-discharge claim was not covered under the EDR program. The relevant portions of the document establishing the EDR program state:
"Your decision to accept employment or to continue employment with the [companies] constitutes your agreement to be bound by the EDR Program. Likewise, the [companies] agree[ ] to be bound by the EDR Program. This mutual agreement to arbitrate claims means that both you and the [companies] are bound to use the EDR Program as the only means of resolving employment related disputes and to forego [sic] any right either may have to a jury trial on issues covered by the EDR Program.
"....
"The EDR Program is the process for resolving most workplace disputes between you and the [companies], including but not limited to, disputes concerning legally protected rights such as freedom from discrimination, retaliation or harassment.
"....
"Disputes covered under the EDR Program pertain to claims such as discipline, discrimination, fair treatment, harassment, termination and other legally protected rights [i.e., 'such as freedom from discrimination, retaliation or harassment'-as stated in the prior paragraph].
"Disputes not covered under the EDR Program relate to worker's compensation, unemployment benefits, health, welfare and retirement benefits, and claims by the [companies] for injunctive relief to protect trade secrets and confidential information."
(Emphasis added.)
Fikes, relying solely on the provision concerning disputes "not covered" under the EDR program, argues that the plain language of the provision is unambiguous and expressly provides that an employment dispute that "relate[s] to worker's compensation" is not covered under the EDR program. Specifically, she argues that the retaliatory-discharge claim is related to the worker's compensation claim because she has to demonstrate that the companies terminated her employment because she filed a claim for worker's compensation benefits. The companies, on the other hand, argue (1) that the EDR program specifically covers employment-related disputes concerning termination and legally protected rights such as freedom from retaliation; (2) that a retaliatory-discharge claim is not in the nature of a worker's compensation claim; and (3) that the obvious and clear intention of the EDR
*638 program is to exclude as arbitrable claims by the companies for injunctive relief to protect trade secrets and confidential information, as well as claims that are governed by special statutes-claims typically handled administratively and limited in their potential recoveries, i.e., specifically, worker's compensation benefits are governed by the Alabama Workers' Compensation Act, and claims seeking such benefits are typically tried before a circuit court judge without a jury, § 25-5-81, Ala. Code 1975; unemployment-compensation benefits are governed by the Alabama Unemployment Compensation Act, Ala. Code 1975, § 25-4-1 et seq. ; and an employee-welfare-benefit plan, pension plan, or retirement plan is governed by the Employee Retirement Income Security Act of 1974. The companies further argue that, even if the scope of the arbitration agreement that is part of the EDR program is not clear, any ambiguities therein as to its scope must be resolved in favor of arbitration. We agree.
In Koullas v. Ramsey, 683 So.2d 415, 416-17 (Ala. 1996), this Court stated:
"The strong federal policy favoring the enforceability of arbitration contracts is designed to place arbitration agreements on the same footing as any other contract. Allied-Bruce Terminix Companies v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). Like any other contract, an arbitration agreement must be enforced in accordance with its terms; both federal and state courts have consistently recognized that the duty to arbitrate is a contractual obligation and that a party cannot be required to arbitrate any dispute that he or she has not agreed to arbitrate. AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) ; A.G. Edwards & Sons v. Clark, 558 So.2d 358 (Ala. 1990). Whether an arbitration agreement applies to a dispute between the parties is to be determined by the language of the contract entered into by the parties. Blount Int'l, Ltd. v. James River-Pennington, Inc., 618 So.2d 1344 (Ala. 1993).
"In the event of an ambiguity or uncertainty over the applicability of an arbitration clause, federal policy dictates that it be resolved in favor of arbitration. Allied-Bruce. However, this Court will not stretch the language of a contract to apply to matters that were not contemplated by the parties when they entered the contract. Seaboard Coast Line R.R. v. Trailer Train Co., 690 F.2d 1343 (11th Cir. 1982). To determine whether the arbitration clause applies to this dispute, we must consider the intent of the parties, as it is expressed in the language of the ... contract."
It is apparent from the language of the document establishing the EDR program that the intent of the program is to submit to arbitration those employment-related disputes the plaintiff would ordinarily be entitled to have resolved by a jury trial, i.e., disputes sounding in tort, as opposed to those disputes that are governed by specific statutes and are typically limited in their recovery. In the case at hand, it is well settled that although a retaliatory-discharge claim brought pursuant to § 25-5-11.1 arises out of a worker's compensation factual setting, the claim is nevertheless a tort action and is governed by the general rules of tort law. Jackson Cty. Hosp. v. Alabama Hosp. Ass'n Trust, 619 So.2d 1369 (Ala. 1993). In Jackson County Hospital, this Court explained the relationship between a retaliatory-discharge claim and a worker's compensation claim:
"[T]he [Alabama's Workers' Compensation] statute has no special provisions tying the [retaliatory-discharge] claim to *639 damages relating to workers' compensation benefits; on the contrary, a plaintiff who brings a claim under § 25-5-11.1 can be awarded damages under the general law of torts. Caraway v. Franklin Ferguson Mfg. Co., 507 So.2d 925 (Ala. 1987). See, also, Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313 (Ala. 1992) (mental anguish and loss of wages compensable 'under the general law of torts and, thus, under Ala. Code 1975, § 25-5-11.1.' 611 So.2d at 315 ). The award of such damages could entail proof of damage or harm and could entail jury trials, which are nonexistent in traditional workers' compensation actions....
"We note that claims that do 'arise under' workers' compensation laws are generally for occupational diseases and accidental injuries resulting from one's employment. The § 25-5-11.1 action for retaliatory discharge operates to protect an employee who files a traditional worker's compensation claim but, in so doing, does not itself become a 'worker's compensation' action. We therefore hold that the retaliatory discharge claim is in the nature of a traditional tort, albeit one that is applied in the specialized circumstances of a worker's compensation claim, and thus does not arise 'under' our workers' compensation law for purposes of the general liability insurance provision in this case."
619 So.2d at 1371.
Likewise here, claims that "relate to" worker's compensation laws "are generally for occupational diseases and accidental injuries resulting from one's employment," as opposed to claims alleging retaliatory discharge. The two claims-a workers' compensation claim and a tort claim-are mutually exclusive, in part, by virtue of their limited recoveries. See, e.g., Robert W. Lee & Steven W. Ford, Alabama Workers' Compensation Law and Handbook § 1.04 (2d ed. 2004)(internal citations omitted)("In a tort claim, all damages that can be proven can be awarded (i.e., pain and suffering, actual lost wages, lost earning capacity, punitive damages, loss of consortium, disfigurement, loss of enjoyment of life, medical bills, etc.). In a workers' compensation claim in Alabama, however, three benefits are available: (1) lifetime medical coverage for all reasonable and necessary medical expenses that are related to the on-the-job injury and provided by the authorized doctor; (2) compensation based upon injuries to scheduled members of the body, or upon loss of earning capacity; and (3) payment of vocational rehabilitation expenses, if appropriate.").
In Dillard's, Inc. v. Gallups, 58 So.3d 196, 199 (Ala. Civ. App. 2010), the Court of Civil Appeals addressed a similar argument by an employee regarding whether a retaliatory-discharge claim was arbitrable by virtue of the following description in the parties' agreement of the types of claims required to be arbitrated:
" 'Personal injuries except those covered by workers' compensation or those covered by an employee welfare benefit plan, pension plan or retirement plan which are subject to the Employee Retirement Income Security Act of 1974 (ERISA) other than claims for breach of fiduciary duty (which shall be arbitrable).
" 'Retaliation for filing a protected claim for benefits (such as workers' compensation) or exercising your protected rights under any statute.' "
The employee argued that the two provisions created an ambiguity because his retaliatory-discharge claim was arbitrable under the second provision, yet excluded under the first provision. The employee specifically argued that the retaliatory-discharge claim was excluded under the first *640 provision because, according to him, the claim arose under the Alabama Workers' Compensation Act. Relying, in part, on this Court's decision in Jackson County Hospital, the Court of Civil Appeals rejected the employee's argument:
"Our supreme court has determined that, although a retaliatory-discharge action 'operates to protect an employee who files a traditional workers' compensation claim ..., [it] does not itself become a "workers' compensation" action.' Jackson County Hosp., 619 So.2d at 1371. The issue in Jackson County Hospital was whether the Alabama Hospital Association Trust ('the Trust') was required to defend Jackson County Hospital ('the Hospital') against a retaliatory-discharge claim brought against the Hospital. Id. at 1370. Although the opinion does not make it clear, the agreement between the Trust and the Hospital must have excluded workers' compensation claims from those claims the Trust was required to defend. Id. at 1370-71....
"....
"... Based on ... Jackson County Hospital, therefore, we hold that the trial court erred in concluding that [the employee's] retaliatory-discharge claim could not be arbitrated because it fell under the first of the two relevant above-quoted provisions in the [agreement]. A retaliatory-discharge claim does not arise under the Workers' Compensation Act such that it falls within the exclusion stated in the [agreement] for '[p]ersonal injuries ... covered by workers' compensation.' "
58 So.3d at 201-04. See also Gibson v. Staffco, L.L.C., 63 So.3d 1272, 1274 (Ala. Civ. App. 2010) ("Recently, this court [in Dillard's, Inc. v. Gallups ] held that, in the context of the arbitrability of claims, a claim of retaliatory discharge does not fit within a contractual exclusion from arbitration for workers' compensation claims.").
Based on the foregoing analysis, we conclude that the trial court erred in denying the companies' motion to compel arbitration of Fikes's retaliatory-discharge claim. When the language of the document establishing the EDR program is viewed as a whole, it is apparent that the intent of the program is to include as arbitrable those employment-related disputes the employee would be entitled to have resolved by a jury trial, as opposed to those disputes that are governed by special statutes and limited in their potential recovery-such as claims arising under a workers' compensation act. Stated differently, when viewed in its proper context, a retaliatory-discharge claim asserted by an employee participating in the EDR program is not "related to" disputes concerning workers' compensation laws, which are governed solely by the workers' compensation act, and, thus, is governed by the general rules of tort law. Even assuming, arguendo, that an uncertainty or a latent ambiguity exists in the language of the document establishing the EDR program concerning covered and noncovered disputes, it is well settled that federal policy "dictates that [any uncertainty or ambiguity] be resolved in favor of arbitration." Koullas, 683 So.2d at 417. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).
Conclusion
Fikes has failed to demonstrate that her retaliatory-discharge claim is not covered *641 by the EDR program. Accordingly, we reverse the trial court's order denying the companies' motion to compel arbitration of that claim and remand this case to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Stuart, C.J., and Parker, Main, Wise, and Bryan, JJ., concur.
Murdock and Shaw, JJ., concur in the result.

On January 27, 2017, this Court entered an order denying the companies' motion to stay the proceedings below in their entirety pending this appeal.